[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Betty J. Yost, appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, denying Yost's request for review of a divorce decree entered in 1987. For the following reasons, we affirm the trial court's judgment.
The parties were married in 1971 and separated in 1984. The final decree of divorce, which incorporated a Qualified Domestic Relations Order ("QDRO") providing spousal support for Yost, was entered in July 1987. Yost subsequently challenged the provisions of the divorce decree, as well as the manner in which the decree had been implemented, in an appeal to this court.[1] This court reversed the trial court's award of attorney fees but affirmed the remainder of the trial court's judgment on the ground that Yost had not filed a timely appeal from the other orders for which she sought review.[2]
After the first appeal, Yost filed a number of motions in essence seeking a modification of the spousal- support provisions of the 1987 decree and seeking other relief on the basis that defendant-appellee, Carl E. Gill, Gill's counsel, and the trial court had committed fraud. The magistrate denied the requested relief, and, in an entry journalized September 28, 1999, the trial court adopted the report of the magistrate.
In her first, fourth, fifth, sixth, and seventh assignments of error, Yost argues that the trial court erred in adopting the report of the magistrate. In support of these assignments, Yost argues that the trial court erred in failing to modify or otherwise grant relief from the spousal-support provisions of the 1987 decree. As we stated in the first appeal, however, Yost failed to file a timely appeal from the 1987 decree and the orders relating to the implementation of the QDRO.[3] Those orders are therefore res judicata, and we find no error in the trial court's refusal to revisit the issues raised by Yost. The first, fourth, fifth, sixth, and seventh assignments of error are accordingly overruled.
In her second assignment of error, Yost contends that the trial court erred in failing to address her allegations of fraud. Although Yost makes numerous abstruse arguments as to the fraud that Gill, his counsel, and the trial court allegedly perpetrated, we find no evidence in the record to support Yost's allegations. Thus, we find no prejudice in the trial court's failure to explicitly rule on the allegations. Moreover, as noted by Gill, where there is a general finding for one party, it is presumed that all facts necessary to support the conclusion were found.[4] Thus, in the case at bar, we construe the trial court's overruling of Yost's objections as a rejection of her claims of fraud. The second assignment of error is overruled.
In her third assignment of error, Yost argues that the trial court erred in denying her motion for the recusal of the magistrate. Once again, we find no error. Yost does not cite any portions of the record indicating that the magistrate was biased, but instead generally rests her argument on the magistrate's rulings that were adverse to her. We find no merit in the argument and therefore overrule the third assignment of error.
In her eighth assignment of error, Yost maintains that the trial court erred in overruling her Civ.R. 60(B) motion. The basis of the motion was again fraud, and therefore the motion was made pursuant to Civ.R. 60(B)(3).[5] Motions for relief under Civ.R. 60(B)(3) must be filed within one year of the judgment from which relief is sought.[6] The record reflects that Yost's motion was filed well after the one-year period allowed by the civil rule, and the trial court properly refused to grant relief from the judgment. The eighth assignment of error is overruled.
In her ninth and final assignment of error, Yost argues that the trial court erred in its allocation of the court costs. Although Yost's argument on this issue is not entirely clear, our review of the record convinces us that the trial court's order was proper. The parties each prevailed on certain issues, and the trial court's equal division of the court costs was in accordance with Civ.R. 54, which directs that the costs be allowed to the prevailing party unless the court otherwise directs. The ninth assignment of error is overruled, and the judgment of the trial court is affirmed.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
 _______________________________ Presiding Judge
[1] Gill v. Gill (Oct. 10, 1997), Hamilton App. No. C-960610, unreported.
[2] Id. The full statement of facts is included in this court's October 1997 opinion.
[3] See id.
[4] See Wolfson v. Horn (1952), 94 Ohio App. 530, 534,116 N.E.2d 751, 754.
[5] Yost incorrectly cites Civ.R. 60(B)(5).
[6] Civ.R. 60(B).